IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OWENS TROPHIES, INC. f/k/a | ) | |
| R.S. OWNS AND COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 7670 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BLUESTONE DESIGNS & CREATIONS, | ) | |
| INC., and SOCIETY AWARDS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Owens Trophies, Inc. ("Owens") has filed a three-count second amended complaint against defendants Bluestone Designs & Creations ("Bluestone") and Society Awards alleging: Breach of Contract against Bluestone (Count One); Tortious Interference with Prospective Economic Advantage against Bluestone (Count Two); and Tortious Interference with Contract against Society Awards (Count III). Defendants have moved to dismiss the second amended complaint for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6), and in the alternative, for lack of standing pursuant to Fed. R. Civ. Pro. 12(b)(1). For the reasons described below, the court denies defendants' motion to dismiss Count I and grants defendants' motion to dismiss Counts II and III. The court also denies defendants' motion to dismiss for lack of standing.

## BACKGROUND[1]

Plaintiff is a design firm that began working with Bluestone, a manufacturer of trophies and awards, to produce various trophies and awards beginning in 2005. In 2007, plaintiff and

---

[1]The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

Bluestone signed a written contract[2] containing a clause that prohibited Bluestone from

providing "to anyone ... other than R.S. Owens, any Work which R.S. Owens has provided to

Bluestone . . . ."[3]   This prohibition was to remain in place for two years after the termination or

expiration of the contract.

One of the awards that Bluestone manufactured for plaintiff is the subject of this lawsuit.

Plaintiff had a "longstanding" arrangement to produce the Emmy Award for the National

Academy of Television Arts and Sciences and the Academy of Television Arts and Sciences

("the Academy").   In 2010, plaintiff received notice from the Academy that Society Awards, a

competitor,  had quoted the Academy a price well below plaintiff's price for producing the

Emmy Award.   Plaintiff matched Society Awards' price and increased donations to the

Academy, but the Academy subsequently advised plaintiff that some of its chapters would be

acquiring the Emmy Award through another source.   Plaintiff learned that Society Awards was

this alternate source, and that Bluestone was producing the Emmy Award for Society Awards.

---

[2]The contract at issue in this dispute contains a confidentiality provision, and the parties
have accordingly filed the complaint and (unredacted) motions under seal. Because the court
cannot discuss a breach of contract claim without discussing the contract provisions, those
provisions are summarized in this opinion.

[3]R.S. Owens is the entity that originally contracted with Bluestone.  The complaint
alleges that in December 2012, R.S. Owens and Co., Inc. sold its assets to a third party but
retained the right to pursue this lawsuit.  The selling entity amended its name to Owens Trophies,
Inc.  Defendants argue that plaintiff does not have standing to pursue the lawsuit because
plaintiff has not tendered a copy of the contract retaining the asset, and seeks to have the lawsuit
dismissed for lack of standing, or alternatively, seeks discovery on this issue.  Plaintiff has
adequately alleged standing in the complaint.  Defendants have not asserted any factual dispute
about the validity of the contract retaining the right to sue but have simply challenged the
truthfulness of plaintiff's allegations supporting standing.  Such a challenge may be
appropriately contested in defendants' answer.  Because there is no factual dispute, defendants'
challenge is not sufficient to compel discovery at this stage.  Defendants' motion to dismiss for
lack of standing is likewise denied.

Plaintiff then filed the instant complaint, alleging breach of contract and tortious interference with prospective economic advantage against Bluestone, and tortious interference with contract against Society Awards.

## DISCUSSION

Defendants have moved to dismiss all counts of the amended complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. That motion tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The court accepts as true the well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," id. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, the allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555; see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (Twombly's pleading principles apply in all civil actions).

This standard demands that a complaint allege more than "legal conclusions or threadbare recitals of the elements of the cause of action, supported by mere conclusory statements. Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662.

A.      **Count One: Breach of Contract Against Bluestone**

Defendants argue that the contract provision that Bluestone is alleged to have breached is an unenforceable restrictive covenant.   Restrictive covenants are utilized by employers to "protect information or relationships that the employee might acquire by virtue of the fact that the employer hired him," and by purchasers of businesses who seek to "preserv[e] the goodwill that he purchases (which may include clientele in some cases)," Bus. Records Corp. v. Lueth, 981 F.2d 957, 959 (7th Cir. 1992).  Courts are more likely to invalidate restrictive covenants between employers and employees as unreasonable, because purchasers tend to have bargaining power that employees generally do not.  Id.  Defendants argue that the contract provision in question should be analyzed under the framework typically applied to employer-employee relationships as opposed to the framework applied in the sale of a business.   Under the employer-employee restrictive covenant framework, defendants claim that plaintiff has failed to allege a legitimate business interest to substantiate such a covenant and that it is therefore unenforceable.

In support of the argument that an employer-employee restrictive covenant framework should be applied, defendants cite Nortek Products (Taicang) Ltd. v. FNA Grp., Inc., 10 C 2813, 2011 WL 2110043 (N.D. Ill. May 24, 2011), where the court found that the framework applied to a licensee that had entered into a "Nondisclosure, Noncompetition, and Non-solicitation Agreement" with the supplier ancillary to a license contract to produce a patented product for the supplier.  The court found that, because the covenants in the nondisclosure agreement between the parties "serve to protect confidential customer information and customer relationships, they

are more akin to covenants ancillary to an employment contract than to a sale of a business." Id. at *3.[4]

Plaintiff argues[5] that this restrictive covenant framework does not apply to the contract, but that even if it does, the contract is not unenforceable. First, plaintiff argues that defendants have provided no support for the proposition that the contract should be treated as a restrictive covenant. Plaintiff cites U.S. Data Corp. v. RealSource, Inc., 910 F. Supp. 2d 1096, 1105 (N.D. Ill. 2012), where the court noted that the protections afforded to former employees are not applied to corporations that are dealing with each other at arms-length. As a result, plaintiff argues that the application of an employer-employee restrictive covenant framework is inappropriate in this case. The court agrees.

As a preliminary matter, in Nortek the parties agreed that a restrictive covenant framework applied and simply disputed which type of relationship framework was the appropriate standard under which to proceed. In the instant case, however, plaintiff does not concede that the contract constitutes a restrictive covenant.

_____

[4]Defendants also cite Peerless Indus., Inc. v. Crimson AV, LLC, 11 C 1768, 2012 WL 3686774 (N.D. Ill. Aug. 24, 2012) and Stunfence, Inc. v. Gallagher Sec. (USA), Inc., 01 C 9627, 2002 WL 1838128 (N.D. Ill. Aug. 12, 2002), as support for the argument that the employer-employee framework may be used for manufacturer-distributor relationships. In Peerless, however, the managing director of the defendant-manufacturer accused of tortious interference with contract was a former employee of the plaintiff, and the employer-employee framework was thus appropriate. Likewise, in Stunfence, the plaintiff-distributor bound by the non-competition agreement and accused of breach of contract was a former employee of defendant-counter claimant.

[5]The court notes that the form of plaintiff's response brief violates Local Rule 7.1 and this court's standing order. Counsel are admonished to follow the rules of this court in the future.

In the instant case, the manufacturer and designer are the type of independent,
sophisticated corporations dealing at arms-length described in U.S. Data Corp. There is no need
to extend the additional precautions afforded in evaluating employer-employee restrictive
covenants in such a situation because the imbalances of power between the parties do not exist.
Unlike Peerless and Stunfence, there is no argument that the contract provision in question
unfairly limits one of plaintiff's former employees in his new employment with the party alleged
to be in breach. Defendants cite no reason that Bluestone would have been unable to negotiate
acceptable terms to the non-competition clause. The court therefore denies defendants' motion
to dismiss the breach of contract claim as an unenforceable restrictive covenant.

Even if the court were to accept defendants' argument that the contract clause should be
treated as a restrictive covenant, the court would not find the clause unenforceable. As
recognized in Nortek, the determination of whether a covenant is enforceable depends on
whether the terms of the agreement are "reasonable and necessary to protect a legitimate
business interest of the employer, a determination that turns on the facts and circumstances of
each case." 2011 WL 2110043 at *3 (internal citations omitted). A protectable business interest
is necessary for the enforcement of a non-compete covenant, Outsource Int'l, Inc. v. Barton, 192
F.3d 662, 666 (7th Cir. 1999), and defendants have challenged the enforceability of the contract
provision on this basis. In Nortek, even though the court found the employer-employee
framework to apply, the court denied the defendant's motion to dismiss, finding that the
allegations of confidential information sufficiently stated a legitimate business interest.
Similarly, in the instant case, plaintiff alleges that it provided Bluestone with confidential

information material to the production of the Emmy Award.[6]  Accepting this allegation as true, the protection of confidential information constitutes a legitimate business interest, and plaintiffs have sufficiently pled a business interest that serves as a basis for the breach of the contract.  The court therefore denies defendants' motion to dismiss Count One.

**C.     Count Two**

Defendants argue that plaintiff has failed to plead sufficient facts to support a claim for tortious interference with prospective business advantage by Bluestone.  Under Illinois law, the elements of a claim for tortious interference with prospective economic advantage include: "(i) plaintiff's reasonable expectation of entering a valid business relationship with a third party; (ii) the defendant's knowledge of the plaintiff's expectancy; (iii) purposeful or intentional interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (iv) damages to the plaintiff resulting from such interference." Zenith Electronics Corp. v. Exzec, Inc., 93 C 5041, 1997 WL 798907 (N.D. Ill. Dec. 24, 1997) aff'd and remanded, 182 F.3d 1340 (Fed. Cir. 1999). Defendants argue that plaintiff cannot sufficiently plead a reasonable expectation of entering into a valid business partnership with the Academy, or conduct by Bluestone that is directed at or centered on the Academy.

---

[6]Defendants argue that there is nothing confidential about the Emmy Award, and that plaintiff's argument that it provided the blueprints and design specifications to Bluestone are outside of the complaint. At the motion to dismiss stage, however, plaintiff is not required to prove that it had a legitimate business interest, but must sufficiently allege that interest.  The allegation that plaintiff provided confidential information to Bluestone is sufficient to allege a legitimate business interest.

Regarding the first point, defendants argue that plaintiff's general allegation that it had an expectation of continuing to produce the Emmy Award for the Academy is an insufficient conclusory statement, and that a history of filling orders for a customer does not create an expectancy. Plaintiff's complaint alleges that it had a longstanding relationship with the Academy and provided the Emmy Award through both local and national chapters.[7] Plaintiff further alleges that the Academy affirmatively contacted plaintiff to advise it that the Academy would not be filling the order through plaintiff, therefore creating the inference that the Academy had expected to continue to do business with plaintiff before Society Awards offered lower rates than plaintiff. At the pleading stage, these facts are sufficient to support an inference of a reasonable expectancy of a business relationship.

Regarding the second point, defendants argue that plaintiff has failed to identify any action that Bluestone took that would support a claim of interference directed at the Academy. Plaintiff responds that, under Seventh Circuit case law, it need not allege conduct by Bluestone directed at or centered on the Academy. The cases plaintiff cites, however, both precede Twombly and rely on liberal pleading standards. In both those cases, Cook v. Winfrey, 141 F.3d 322, 328 (7th Cir. 1998), and Barnett v. Poag & McEwen Lifestyle Centers-Deer Park Town Ctr., 98 C 7783, 1999 WL 691850 (N.D. Ill. Aug. 26, 1999), the courts applied the "any set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80). Under the Twombly standard, however, plaintiff has not pled facts sufficient to support a claim of interference because it has only repeated the element of the claim and nothing

---

[7]Although plaintiff also argues that it had a relationship with the Academy for over two decades, and the relationship was based on the production of the Emmy Award, those facts are not in the complaint, and the court will not consider them for the purposes of this motion.

more.  Because plaintiff has failed to articulate any action taken by Bluestone that would give

rise to an inference of interference, the complaint fails to adequately plead a claim for

interference.

**D.     Count Three**

Plaintiff's final claim is tortious interference with contractual rights against Society

Awards.  "To succeed on a claim for tortious interference with contractual rights, a plaintiff must

plead and prove the following elements: (i) the existence of a valid and enforceable contract

between the plaintiff and another; (ii) the defendant's awareness of this contractual relation; (iii)

the defendant's intentional and unjustified inducement of a breach of the contract; (iv) a

subsequent breach by the other, caused by the defendant's wrongful conduct; and (v) damages."

Douglas Theater, 288 Ill.App.3d at 883, 224 Ill.Dec. at 252, 681 N.E.2d at 567 (citation

omitted).  Defendants argue that plaintiff has failed to allege any wrongful conduct by Society

Awards.[8]

Plaintiff's complaint alleges that Society Awards intentionally interfered with the

contract between plaintiff and Bluestone, and that plaintiff contacted both defendants to advise

them to cease and desist from marketing the Emmy Award to the Academy.  The complaint

further alleges that Society Awards quoted the Academy a price that was well below plaintiff's

price.  The complaint alleges that this conduct was wrongful.

Plaintiff argues that a reasonable inference can be drawn from the facts alleged that

Society Awards unjustifiably induced Bluestone to breach its contract with plaintiff, and knew

---

[8]As in Count One, defendants also argue that the contract in question is unenforceable.
Since the court has already rejected defendants' restrictive covenant argument, it will address
only the sufficiency of the allegations of wrongful conduct.

that it could induce Bluestone to use the propriety information it had developed while working

with plaintiff. These allegations, however, are not included in the complaint. Society Awards is

a competitor of plaintiff, and a competitor may legally win business through competition. The

complaint alleges only that Society Awards engaged in wrongful conduct, but the court is "not

bound to accept as true a legal conclusion couched as a factual allegation," <u>Iqbal</u>, 129 S.Ct. at

1950. As with Count II, plaintiff has failed to allege any further facts to support this bare

assertion. As a result, the court grants defendants' motion to dismiss Count III.

<u>**CONCLUSION**</u>

For the reasons described above, the court denies defendants' motion to dismiss Count I

and grants defendants' motion to dismiss on Counts II and III. A status conference is set for

January 28, 2014, at 9:00 a.m., at which time plaintiff is to inform the court whether it wishes to

file a third amended complaint consistent with this opinion.[9]

**ENTER:**      **January 14, 2014**

_Robert W. Gettleman_

**Robert W. Gettleman**
**United States District Judge**

---

[9]The court rejects defendants' suggestion that any dismissal be with prejudice. The prior amendments to the complaint addressed the identity of the parties, not the substance of the claims.