IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OWENS TROPHIES, INC. f/k/a )<br>R.S. OWENS AND COMPANY, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BLUESTONE DESIGNS & CREATIONS, )<br>INC., and SOCIETY AWARDS, )<br>)<br>Defendants. ) | No. 12 C 7670<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Owens Trophies, Inc. ("Owens") filed a three-count third amended complaint against defendants Bluestone Designs & Creations ("Bluestone") and Society Awards alleging: Breach of Contract against Bluestone (Count I); Tortious Interference with Prospective Economic Advantage against Bluestone (Count II); and Tortious Interference with Contract against Society Awards (Count III). On May 21, 2014, defendants filed the instant motion seeking to dismiss Counts II and III and asking the court to reconsider its January 14, 2014, Memorandum Opinion and Order ("January 14 Order") denying defendants' motion to dismiss the second amended complaint for lack of standing and denying defendants' motion to dismiss as to Count I. For the reasons discussed below, the court grants defendants' motion to dismiss Counts II and III of the third amended complaint and denies defendants' motion for reconsideration.

## BACKGROUND[1]

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

Plaintiff is a design firm that began working with Bluestone, a manufacturer of trophies and awards, to produce various trophies and awards beginning in 2005. In 2007, plaintiff and Bluestone signed a written contract[2] containing a clause that prohibited Bluestone from providing "to anyone ... other than R.S. Owens, any Work which R.S. Owens has provided to Bluestone . . . ."[3] This prohibition was to remain in place for two years after the termination or expiration of the contract. One of the awards that Bluestone manufactured for plaintiff is the subject of this lawsuit. Plaintiff had a "longstanding" arrangement to produce the Emmy Award for the National Academy of Television Arts and Sciences and the Academy of Television Arts and Sciences ("the Academy"). In 2010, plaintiff received notice from the Academy that Society Awards, a competitor, had quoted the Academy a price well below plaintiff's price for producing the Emmy Award. Plaintiff matched Society Awards' price and increased donations to the Academy, but the Academy subsequently advised plaintiff that some of its chapters would be acquiring the Emmy Award through another source. Plaintiff learned that Society Awards was this alternate source, and that Bluestone was producing the Emmy Award for Society Awards. Plaintiff then filed the instant complaint, alleging breach of contract and tortious interference with prospective economic advantage against Bluestone, and tortious interference with contract against Society Awards.

---

[2] The contract at issue in this dispute contains a confidentiality provision, and the parties have filed redacted versions of the complaint and motions. The court notes that in doing so the parties have violated Local Rule 26.2. Counsel are admonished to follow the rules of this court in the future. Because the court cannot discuss a breach of contract claim without discussing the contract provisions, those provisions are summarized in this opinion.

[3] R.S. Owens is the entity that originally contracted with Bluestone. The complaint alleges that in December 2012, R.S. Owens and Co., Inc. sold its assets to a third party but retained the right to pursue this lawsuit. The selling entity amended its name to Owens Trophies, Inc.

**DISCUSSION**

A.  **Motion to Dismiss**

1.  **Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum, L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), citing Conley v. Gibson, 355 U.S. 41, 47 (1957). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

2.  **Analysis**

With the exception of adding five additional paragraphs, plaintiff's third amended complaint is otherwise unchanged from its second amended complaint. The limited information plaintiff included concerns a 2006 email exchange between David Moritz of Society Awards and Richard Liu of Bluestone. Defendants assert that the new allegations do not cure the shortcomings identified in plaintiff's second amended complaint.

Plaintiff's new allegations contend that "David Moritz of Society Awards and Richard Liu, of Bluestone, hatched the plan whereby Society would begin marketing the Emmy and Other works of Owens made by Bluestone at a meeting in 2006." Plaintiff quotes from an August 2006 email between Moritz and Liu to support this allegation. Defendants argue that plaintiff selectively quoted the email discussion between Moritz and Lui in order to support its interference claim. As defendants point out, the court is permitted to review documents attached to a motion to dismiss, but not to the complaint, "where the complaint refers to those documents and they are central to the plaintiff's claim." ABN AMRO, Inc. v. Capital Intern. Ltd., No. 04-C-3123, 2007 WL 845046, at *5 (N.D. Ill. March 16, 2007). This is especially true where, as here, "it would be totally wasteful to uphold a claim on the false premise created by less than complete documentation when delayed consideration of the remaining documents would lead to dismissal of that claim." Magellan Int'l Corp. v. Salzgitter Handel GmbH, 76 F. Supp. 2d 919, 923 (N.D. Ill. 1999). Because plaintiff relies on the August 2006 communication to oppose the instant motion, the court will look to the entire email chain that is attached to defendants' motion to dismiss.

i. **Count II**

In Count II, plaintiff alleges that Bluestone tortiously interfered with a prospective economic advantage with the Academy. The court previously dismissed this count in plaintiff's second amended complaint, finding that plaintiff failed to identify any action taken by defendant Bluestone that gave rise to an inference of interference. Defendants argue that plaintiff's "new allegations in the Third Amended Complaint add nothing to suggest action taken by Bluestone against The Academy." Because the court agrees with defendants, defendants' motion to dismiss as to Count II is granted.

Contrary to plaintiff's assertions, the new allegations involving the August 2006 email exchange do not establish interference by Bluestone with plaintiff's relationship with The Academy. The email referenced by plaintiff discusses a potential business relationship between Bluestone and the Award Group, not Society Awards[4] or The Academy. When viewed in its entirety, much of the email discusses manufacturing toys, not trophies. Plaintiff is not mentioned in the email chain, nor is The Academy. Moreover, there is no discussion related to manufacturing the Emmy, and this award is mentioned only in an attempt by Lui to market Bluestone's skills. The email does not establish, as plaintiff argues, "that Bluestone intended to interfere with Plaintiff's relationship with the Academy by plotting to manufacture Plaintiff's Works for Moritz and Society Awards." Mere discussion with a third party, even a competitor of plaintiff, about developing a business relationship is not sufficient to create the necessary inference that defendant Bluestone tortiously interfered with plaintiff's economic advantage with The Academy. As with the second amended complaint, plaintiff's third amended complaint fails to articulate any action taken by defendant Bluestone that would give rise to an inference of interference.

## ii.     Count III

Count III of plaintiff's third amended complaint alleges that defendant Society Awards tortiously interfered with the contract between plaintiff and defendant Bluestone. The court previously dismissed this count because plaintiff failed to allege any wrongful conduct taken by Society Awards. The court concluded that as plaintiff's competitor, Society Awards was legally

---

[4] Plaintiff alleges in its response brief that within months of the email Moritz left The Awards Group and began Society Awards in order to sell "plaintiff's 'works.'" These allegations, however, are not included in the third amended complaint.

permitted to win business through competition. As with Count II, plaintiff has failed to cure the problems identified by the court in its previous order.

The new allegations concerning the August 2006 email do not demonstrate any wrongful conduct engaged in by defendant Society Awards. Although plaintiff alleges that "David Moritz of Society Awards and Richard Liu, of Bluestone, hatched a plan whereby Society would begin marketing the Emmy and other works of Owens," this statement is conclusory and, as discussed above, not supported by the 2006 email discussions referenced by plaintiff. Moreover, the email discussions relied on by plaintiff took place five months before plaintiff and defendant Bluestone entered into the contract at issue. Plaintiff has not pled any facts demonstrating wrongful conduct engaged in by Society Awards, let alone any wrongful actions taken during the existence of plaintiff's contract with Bluestone. The fact that Society Awards and Bluestone conduct business together, even if from the same address, does not establish wrongful conduct by Society Awards.

**B.     Motion For Reconsideration**

Defendants request that the court reconsider its January 14 Order denying their motion to dismiss the second amended complaint for lack of standing and denying their motion to dismiss as to Count I. Defendants argue that reconsideration of the court's order is warranted because: (1) the court misapprehended case law that defendants cited to support their argument that the employer-employee restrictive covenant framework should apply to the present dispute; (2) the court incorrectly suggested that the contract provision at issue may not be a restrictive covenant; (3) the court wrongly found that plaintiff had alleged that it provided defendant Bluestone with confidential information; and (4) the court improperly held that there was no factual dispute

regarding the validity of the contract retaining plaintiff's right to sue. None of these grounds are sufficient for reconsideration of the court's January 14 Order.

"[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco. Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). Motions for reconsideration are appropriate "to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). Such motions may not be used to introduce evidence that could have been produced earlier or to reframe arguments previously presented to the court. Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

Defendants first argue that in denying its motion to dismiss Count I, the court misapprehended the facts of Peerless Indus., Inc. v. Crimson AV, LLC, No. 11-C-1768, 2012 WL 3686774 (N.D. Ill. Aug. 24, 2012), when it found that "*Peerless* involved a former employee" thereby making the employer-employee framework for analyzing the restrictive covenant appropriate. Defendants contend that this establishes that the court "misunderstood the factual situation in *Peerless*," because "[t]he restrictive covenant in *Peerless* was not with the former employee or his entity, as the Court indicated." Defendants argue that given this alleged misapprehension, the court should reconsider adopting the rationale in Peerless and apply the employer-employee framework to the present case.

Defendants' arguments regarding this potential misunderstanding are inapposite, because the court found the restrictive covenant enforceable even when applying the more stringent employer-employee framework. Applying the employer-employee standard used in Nortek Products (Taicang) Ltd. v. FNA Grp., Inc., No. 10-C-2813, 2011 WL 2110043 (N.D. Ill. May 24, 2011), the court held that the covenant was necessary to protect a legitimate business interest.

Defendants argue that plaintiff did not sufficiently plead a legitimate business interest because it did not directly allege that it provided confidential business information to Bluestone. However, the second amended complaint does allege that Bluestone manufactured custom trophies for plaintiff, including the Emmy Award, and that Bluestone subsequently began manufacturing the Emmy for a competitor. Taken together, these allegations indicate that plaintiff provided confidential information to Bluestone in order to produce the custom-made Emmy and that Bluestone subsequently provided that information to Society Awards. As such, plaintiff has sufficiently alleged a legitimate business interest.

Defendants next request that the court's January 14 Order "be amended to clarify that the contract at issue, regardless of whether analyzed under the employer-employee framework or the sale of business framework, is nevertheless a restrictive covenant that must be necessary to protect a legitimate business interest." Defendants insist that one of the two frameworks must be adopted in analyzing the disputed provision. The court rejects this request because it is an inappropriate basis upon which defendants may seek reconsideration. As discussed above, motions for reconsideration are appropriate "to correct manifest errors of law or fact or to present newly discovered evidence." CBI Indus., Inc., 90 F.3d at 1269. Plaintiff's request that the court "clarify" its January 14 Order does not fall within one of these categories nor is it actually a request for reconsideration.[5] Likewise, defendants' arguments concerning the court's

---

[5] Moreover, contrary to defendants' contentions, the employer-employee and sale of a business frameworks are not the only categories of non-competition agreements. As such, the court need not adopt one of the two frameworks to conduct its analysis. Liautaud v. Liautaud, 221 F.3d 981, 986 (7th Cir. 2000) ("Although noncompetition agreements typically stem from an employment relationship or from the sale of a business, another valid transaction may support a covenant not to compete.")

interpretation of Nortek are also out of place in the present motion, as defendants are simply rearguing their position.

The court's January 14 Order held that plaintiff had sufficiently alleged standing in its second amended complaint, thereby surviving defendants' motion to dismiss. Defendants now argue that the court improperly found that there was no factual dispute regarding the validity of the contract retaining plaintiff's right to sue. As such, defendants again ask the court to designate standing as a "threshold issue as to which there is a factual dispute for which early, phased discovery would be appropriate." In defendants' motion to dismiss the second amended complaint, defendants argued that plaintiff had failed to investigate whether the sale documents retained plaintiff's right to sue. As the court stated in its January 14 Order, defendants' challenge was based on whether the provision retaining plaintiff's right to sue actually existed (and therefore the truthfulness of plaintiff's allegation that it did), and not on whether the clause was in fact valid. Because defendants could have challenged the validity of the provision in their motion to dismiss the second amended complaint, they are bared from making the argument now. See Oto, 224 F.3d at 606 (motions for reconsideration are not to be used to rehash old arguments or introduce new evidence that could have been presented earlier).

## CONCLUSION

For the reasons described above, the court grants defendants' motion to dismiss Counts II and III of plaintiff's third amended complaint and denies defendants' motion for reconsideration.

**ENTER:**     **November 12, 2014**

_____
   **Robert W. Gettleman**
   **United States District Judge**